Speak, J.
In consideration of the continued use of not less than three fourths the present average consumption of gas by Steinau, the company stipulated that it would furnish him, for ten years, all the gas necessary for the lighting of his place of business, at a price much lower than the then regular price, to be paid monthly. Steinau stipulated to receive the gas in quantity not less than three fourths of the then average monthly consumption, for the time named, and further stipulated not to introduce or use electric lights or material for general illuminating purposes other than gas to be furnished by the company. No past consideration appears. The obligations of each party are wholly in covenant, and are wholly executory. In other words, they are promises merely. The prayer is for injunction to restrain Steinau from using the electric light, or any material for general illuminating purposes other than the gas to be furnished by the company.
*331 Injunction is frequently resorted to as a means of obtaining specific performance. In this case the purpose intended is to prevent the use of electric lights in order that Steinau shall thus be compelled to comply with his contract, and use the company’s gas. The object thus sought is specific performance.
Against the demand of the company it is insisted that a court of equity will not grant an injunction to restrain a breach of negative covenants where the result will be to effect specific performance of affirmative covenants, unless the affirmative stipulations of the complaining party can be specifically enforced against him, and that the petition does not show but that the company has an adequate remedy at law. If either proposition is sound, the demurrer was improperly overruled.
As already stated, the object of the proceeding is, and the result reached, if it is successful, will be, to specifically enforce the contract as against Steinau. It seems plain that, if the situation of the parties were reversed, and specific performance were sought against the company, the court would have no power to compel a full compliance by the company with its stipulations to furnish all the gas needed for the period provided for in the contract. It might be in the power of the court to enjoin the company from turning the gas off from Steinau’s service pipes so long as he complied with its reasonable rules and regulations, and it is possible that the company could, by mandamus, be compelled to furnish gas to Steinau while it continued to use the franchises and privileges accorded it as a corporation by virtue of the statute and the ordinances of Cincinnati. But these partial remedies, if they might be available, would be wholly apart from the contract. And, be this as it may, it admits of no question that, upon any state of facts appearing by the allegations of this petition, it is beyond the power of any court to compel the company to manufacture and supply gas for a period of ten years. How can the court order the company to continue the manufacture of gas for the purpose of supplying this consumer ? How can it prevent this company *332 from dissolving and going out of business, or from selling out to another which would not be bound by its personal contracts ? The inquiry, then, is, if the contract could not be specifically enforced against the company, may it be specifically enforced in its favor ?
The authorities on the point are numerous, and, to some extent, conflicting. Mr. Pomeroy, in his work on contracts, section 163, observes: “ The peculiarly distinctive feature of the equitable doctrine is, that the remedial right to a specific performance must be mutual. If, therefore, from the nature or from the contract itself, from the relations of the parties, from the personal incapacity of one of them, or from any other cause, the agreement devolves no obligation at all upon one of the parties, or if it cannot be specifically enforced against him, then and for that reason, he is not in general entitled to remedy of a specific performance against his adversary party, although otherwise there may be no obstacle arising, either from the terms of the contract or from his personal status and relations, to an enforcement of the relief against the latter individually.” Again, section 165, he says that “ it is a familiar doctrine that if the right to the specific performance of a contract exists at all, it must be mutual; the remedy must be alike attainable by both parties to the agreement.”
To this general rule the courts have made an exception where peculiar skill and labor are involved, and' this, apparently, upon the ground that the element of personal and artistic skill renders the chances of damages at law uucertain and conjectural. Of this class the case of Lumley v. Wagner, 1 De Gex M. & G. 604, is, perhaps, the leading case. The defendant was a celebrated singer. She was under contract to sing for a certain period at the plaintiff’s theatre, and not to sing at any other. The court restrained her from the threatened breach of this negative covenant. Later cases have followed this, and the exception appears to be quite well established.
There are cases, besides those above referred to, both in England and in this country, which sustain the holding of *333 the circuit court, (2 O. C. C. R. 286,) that “ where there is a clear and continuing breach of a negative covenant in a contract, and where an injunction against the breach of it will do substantial justice between the parties by obliging the defendant to carry out his contract or lose the benefit of a breach of it, and the remedy at law is not adequate, or the damages for such a breach are not susceptible of proper assessment by a jury, a court of equity may properly restrain the defendant from such a breach, though the court might not be able to enforce a complete specific performance of the contract against the other party.” Singer Co. v. Union Co., 1 Holmes, 253; Railway Co. v. Railway Co., 24 Fed. Rep. 516; The People v. Gas Light Co., 45 Barb. 137; Dietrichsen v. Cabburn, 2 Phillips, 52.
However, after a somewhat careful examination of the numerous cases cited by counsel, and many others, we are inclined to the conclusion that the general doctrine laid down by Mr. Pomeroy is sustained by the apparent weight of authority. Hills v. Croll, 2 Phillips 60; Fothergill v. Rowland, L. R. 17 Eq. 132; Bailey v. Collins, 59 N. H. 459; Pingle v. Conner, 66 Mich. 187; Publishing Co. v. Tel. Co., 83 Ala. 498; Palace Car Co. v. Railway Co., 4 Wood’s C. C. R. 317; Meason v. Kaine, 63 Pa. St. 335; Tyson v. Watts, 1 Md. Chy. 13; Richmond v. Ry. Co., 33 Iowa, 422.
It is important to note that an essential element of the proposition quoted above is that the complaining party has no adequate remedy at law and that his damages are not susceptible of proper assessment by a jury. It goes without saying that if this element is found wanting, the rule laid down cannot apply. On the part of the company it is insisted that the condition referred to is present in the case at bar. Let us see.
The stipulation of Steinau was that he would receive gas in quantity not less than three fourths of the present average consumption. The contract was to continue for ten years. It had been in force at the commencement of the action about one year. The “ present average consumption ” was a quantity easy of ascertainment. So long as Steinau used *334 the quantity of gas specified he was in full performance of his contract. When he ceased taking that quantity he violated the contract, and when he established electric lights in his place and proceeded to illuminate in that way, it was clear that he intended to wholly break and abandon the contract. The company had the right to regard the contract as at an end, and no pretense or claim of Steinau, so long as he refused to perform, could avail to prevent the company from so treating it. All contractual relations between the parties would then be terminated. By force of the ordinance, and at prices fixed bjr the ordinance, and subject to all reasonable regulations, the company might stil'l be bound to furnish gas, but it could not be required to furnish a foot of gas under the contract. The contract being thus, by the action of Steinau, at an end so far as he was concerned, the company’s cause of action was immediate; it could, if the damages were susceptible of proper assessment at any. time, have an action at once for its entire damages for the breach, and this remedy did not involve a multiplicity of suits. James v. Allen County, 44 Ohio St. 226, is a case, in principle, like this one. This court there held that where the offending party had wholly broken and abandoned the contract, the party injured by the breach could bring his action at once and recover his entire damages for the breach, and that one judgment upon such claim would be a bar to a future recovery. That rule, we think, applies to this case.
What would stand in the way of adequate damages being awarded by a jury ? The amount of gas agreed to be used each month, the duration of the time, the price to be paid per thousand, (subject to changes, if any produced by the new ordinance,) Were all shown by the contract. If, added to these facts, the jury should be put in possession of the amount of “ gain and profit ” the company were making per thousand, what would prevent a clear ascertainment of damages upon that basis, reduced, probably, on account of payment in advance ? Fothergill v. Rowland, L. R. 17 Eq. 132; Railway Co. v. Railway Co., 24 Fed. Rep. 516.
It is doubted by some members of the court whether a *335 court of equity, in a case of specific performance, where the granting or refusal of relief may depend so largely upon the court’s discretion, should exercise it in favor of the enforcement of covenants which deprive a party of new and valu- ' able discoveries of science, and, in a measure, tend to create a monopoly by contract.
But a decision of this question is not necessary to a disposition of the case at bar, and that, as well as whether a court of equity should, in any case, where full performance cannot be enforced, decree performance of negative covenants of one party, may properly be left to be determined when a case arises which necessarily requires a decision upon them. We are content to rest the decision of this case upon the ..ground that the remedy of the defendant in error is at law, and not in equity.

Judgment reversed.